UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone:  212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): __15-3377__

Caption [use short title]

Motion for: __Stay of Order Pending Appeal__

National Labor Relations Board v. New York Party Shuttle, LLC

Set forth below precise, complete statement of relief sought:

Pursuant to Rule F.R.A.P. 8 (a) for a stay of the District Court

Order directing Respondent-Appellant NYPS to comply

with Applicant-Appellee NLRB's subpoena until the

pending appeal of that Order can be decided by

the US Court of Appeals for the Second Circuit

MOVING PARTY: __New York Party Shuttle, LLC__     OPPOSING PARTY: __National Labor Relations Board__

☐ Plaintiff          ☑ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: __James M. Felix__     OPPOSING ATTORNEY: __Kevin Patrick Flanagan__

[name of attorney, with firm, address, phone number and e-mail]

James M. Felix, Kilhenny & Felix          Kevin Patrick Flanagan, NLRB

350 West 31 Street, Suite 401          1015 Half Street, SE, Room 4016, Washington, DC 20570

212-419-1492; jfelix@kilhennyfelix.com          202-273-2938; kevin.flanagan@nlrb.gov

Court-Judge/Agency appealed from: __Southern District of NY-Analisa Torres, J.__

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed  ☑ Opposed  ☐ Don't Know
Does opposing counsel intend to file a response:
☑ Yes  ☐ No  ☐ Don't Know

Is oral argument on motion requested?  ☑ Yes  ☐ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes  ☑ No  If yes, enter date:_____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below?  ☐ Yes  ☑ No
Has this relief been previously sought in this Court?  ☐ Yes  ☑ No
Requested return date and explanation of emergency: 12/3/2015

Request for stay as time to comply with subpoena has been

set by the District Court and NLRB has consented to extend the

date to comply to 12/4/2015.  A stay is needed to allow for

compliance if and only if the District Court Order is confirmed

Signature of Moving Attorney:
_James M Felix_  Date: __11/25/2015__     Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev. 12-13)

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

-------------------------------------------------------------------X

NATIONAL LABOR RELATIONS BOARD,

                    Applicant-Appellee,

        v.                                        Case No.: 15-3377

NEW YORK PARTY SHUTTLE, LLC,

                    Respondent-Appellant.

-------------------------------------------------------------------X

## DECLARATION OF JAMES M. FELIX IN SUPPORT OF EMERGENCY MOTION FOR STAY PENDING APPEAL OR, IN THE ALTERNATIVE, FOR A TEMPORARY ADMINSTRATIVE STAY PENDING FULL CONSIDERATION OF THE MOTION FOR A STAY

      JAMES M. FELIX, submits this declaration pursuant to 28 U.S.C. § 1746 and under penalty of perjury, and declares as follows:

           1.      I am a partner of Kilhenny & Felix and a member in good standing of the bar of this Court. I am one of the attorneys representing Respondent-Appellant New York Party Shuttle, LLC ("NYPS") in the above captioned appeal and submit this declaration, together with the annexed memorandum of law, in support of Appellant New York Party Shuttle, LLC's ("Appellant"'s or "NYPS"'s) request for an emergency stay under Federal Rules of Appellate Procedure 8 and 27, and Local Rule 27.1 to prevent a District Court's order from mooting Appellant's appeal of the District Court's

order granting Appellee National Labor Relations Board's ("NLRB"'s) application for enforcement of a Subpoena Duces Tecum and directing Appellant to comply with the Subpoena.

2.    I base this declaration upon my personal knowledge, my review of documents and my conversations with others.

### The Need for an Emergency Motion

3.    On March 26, 2015, the NLRB issued a Subpoena Duce Tecum to NYPS ("Subpoena") requesting documents and information from several nonparties to the case filed against NYPS. A true and accurate copy of said Subpoena is annexed hereto as Exhibit "A".

4.    NYPS objected to the discovery sought by the Subpoena.

5.    The NLRB moved to compel compliance by filing a motion in the District Court. The District Court ordered compliance with the Subpoena in an order issued on August 27, 2015 (the "August 27 Order"). A true and accurate copy of said August 27 Order is annexed hereto as Exhibit "B" and is also one of the documents that have been docketed in this appeal, citations to "Dkt. No. __" are to the documents that have been docketed in this case number 15-3377 using the docket number from the District Court, *see* Dkt. No. 14).

6.    NYPS sought reconsideration of the August 27 Order by motion dated September 10, 2015. *See* Dkt. No. 19.

7.    On November 12, 2015, the District Court denied NYPS's motion to reconsider.  Subsequently, on the same day (November 12, 2015), the District Court issued a protective order compelling compliance with the Subpoena within 14 days from the date of that order and rejected NYPS's proposed protective order which instead provided that compliance with the Subpoena be made 14 days from any final non-appealable decision of any appeals of the underlying Order of the Court (Hon. Analisa Torres, J., presiding) dated August 27, 2015.  A true and accurate copy of said November 12 Protective Order is annexed hereto as Exhibit "C".

8.    NYPS and the NLRB have agreed to extend the date by which \ NYPS must comply with the Subpoena to December 4, 2015, absent a stay from the Court.

9.    NYPS has already attempted unsuccessfully to stay an order compelling compliance with the Subpoena by seeking a protective order which would require compliance with the Subpoena if, after the Appeal is heard and decided, the August 27 Order is confirmed, such attempt being rejected by the District Court on the same date that the District Court denied the NYPS's motion for reconsideration seeking to stop the reverse the District Court's August 27 Order compelling compliance with the Subpoena.  Respectfully, filing a motion of a stay

with the District Court again would be futile. Moreover, compliance with the Subpoena would render NYPS's pending appeal of the August 27 Order moot.

10.  NYPS is moving forward with the subject Appeal and has chosen January 12, 2016 as the latest date to file its Brief, a date which is considerable shorter than the 91 days allowed by the Local Rules.

11.  Respectfully, as more fully set forth in the accompanying Memorandum of Law in Support, a stay pending appeal (or, at least a brief administrative stay pending full consideration of the motion to say) will not cause any cognizable harm on the NLRB.

12.  As the time to comply with the Subpoena, that being Friday, December 4, 2015, is fast approaching, respectfully, emergency consideration of the foregoing motion in the Court of Appeals is necessary.

I declare under penalty of perjury that the foregoing is true and correct. Subscribed this 25th day of November, 2015, in the County and State of New York.

James M. Felix

-4-

# EXHIBIT A

FORM NLRB-31
(12-12)

SUBPOENA DUCES TECUM

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

To Custodian of Records, New York Party Shuttle, LLC, 7880 San Felipe, Suite 210

Houston, TX 77063

As requested by      David H. Mori, Attorney

whose address is    1099 14th Street, NW, Suite 10700, Washington, D.C. 20005

| (Street) | (City) | (State) | (ZIP) |

YOU ARE HEREBY REQUIRED AND DIRECTED TO ~~APPEAR BEFORE~~    mail or email to

David H. Mori (david.mori@nlrb.gov)                                of the National Labor Relations Board

at    the address above

~~in the book~~
by
~~at~~ the    6th       day of    April              20 15      at ~~xxxxxxxxxxxxxxx(xxxx)(xxx)xxxxxxxxxxxxxx~~

~~or rescheduled date to testify in~~    documents requested in the Attachment to Subpoena Duces Tecum

in re New York Party Shuttle, LLC v. NLRB, No. 13-60364 (5th Cir. 2014).

(Case Name and Number)

~~And you are hereby required to bring with you and produce at said time and place the following books, records, correspondence, and documents:XXX~~

In accordance with the Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings), objections to the subpoena must be made by a petition to revoke and must be filed as set forth therein. Petitions to revoke must be received within five days of your having received the subpoena. 29 C.F.R. Section 102.111(b) (3). Failure to follow these regulations may result in the loss of any ability to raise such objections in court.

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

B - 733373

Issued at    Washington, D.C.

this 26th day of March                          2015

_Jud Pierce_

Chairman, National Labor Relations Board

**NOTICE TO WITNESS.** Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed.  A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

PRIVACY ACT STATEMENT
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and/or unfair labor practice proceedings and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is mandatory in that failure to supply the information may cause the NLRB to seek enforcement of the subpoena in federal court.

## ATTACHMENT TO SUBPOENA DUCES TECUM

### DEFINITIONS AND INSTRUCTIONS

1.     "**OnBoard Tours**," as used herein, refers to the following entities, individually and collectively:  OnBoard Tours, whose CEO and founder is Tom Schmidt, with operations in New York City, Las Vegas, and Washington, D.C.; Party Shuttle Tours, LLC; New York Party Shuttle, LLC; Washington DC Party Shuttle, LLC; and OnBoard Las Vegas Tours, LLC.

2.     "Any," "each," and "all" shall be read to be all inclusive and to require the production of each and every document responsive to the request in which such terms appear.

3.     "And" and "or" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively, so as to make the request inclusive rather than exclusive, and to require the enumeration of all information responsive to all or any part of each request in which any conjunction or disjunction appears.

4.     As used herein, the term "person" means any natural person, corporation, partnership, proprietorship, association, organization, trust, joint venture, or group of natural persons or other organizations.

5.     As used herein, the term "documents" " include but are not limited to the following items, whether printed or recorded or produced by any other mechanical, electrical or digital process, or written or produced by hand: agreements, communications, reports, facsimiles, correspondence, telegrams, memoranda, summaries of records or telephone conversations, summaries or recordings of personal conversations or interviews, diaries, notebooks, calendar entries, notes, charts, plans summaries or records of meetings or conferences, transcripts or summaries or reports of investigations or negotiations, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, internal or inter-office memoranda or correspondence, questionnaires or surveys and responses thereto, employment applications, employment or personnel files, job description, lists and marginal comments appearing on any document, video tapes, recordings and transcriptions or summaries thereof, licenses, certificates, computer databases, including but not limited to electronic mail messages and any other information stored by computer and all other writings or recordings of any variety. Additionally, the tem "document" refers to any attachments to or enclosure with each document.

6.     Documents subpoenaed shall include all documents in your physical possession, custody or control, your present or former supervisors, agents, attorneys, accountants, advisors, investigators, and any other persons and companies directly or indirectly employed by, or connected with you.

7.     If any document responsive to any request herein was, but no longer is, in your possession, custody or control, identify the document (stating its date, author, subject,

1

recipients and intended recipients); explain the circumstances by which the document ceased to be in your possession, custody or control, and identify (stating the person's name, employer title, business address and telephone number, and home address and telephone number) all persons known or believed to have the document or a copy thereof in their possession, custody or control.

8.      If any document responsive to any request herein was destroyed, discarded, or otherwise disposed of for whatever reasons, identify the document (stating its date, author, addressee(s), recipients and intended recipients, title and subject matter); explain the circumstances surrounding the destruction, discarding or disposal of the document, including the timing of the destruction, identify all personnel who authorized the destruction, discarding or disposal of the document, and identify all persons known or believed to have the document or a copy thereof in their possession, custody or control.

9.      Should you claim that any of the requested information is privileged, such claim shall specify in detail all the grounds on which such claim rests.

10.      This request is continuing in character and if additional responsive documents come to your attention following the date of production, such documents must be promptly produced.

11.      This request contemplates production of responsive documents in their entirety, without abbreviation or expurgation.

12.      All documents produced pursuant to this subpoena should be organized by what subpoena paragraph each document or set of documents are responsive to, and labels referring to that subpoena paragraph should be affixed to each document or set of documents.

13.      When addresses and telephone numbers are requested, both business and home addresses and telephone numbers are required.

14.      If any request seeks documents/information already produced under a prior subpoena from the National Labor Relations Board, identify the subpoena, the date of its issuance, and the specific subpoena request, as well as describe the documents/information produced, the date of production, the location of production, proof of production, and the person(s) to whom the documents/information were produced.

## DOCUMENTS REQUESTED

*Pursuant to § 11(1) of the National Labor Relations Act, 29 U.S.C. § 161, you are hereby directed to produce the following documents:*

1. Copy of Fred Pflantzer's personnel file, as well as copies of any documents, including, but not limited to, non-compete agreements, that OnBoard Tours had Pflantzer sign.

2. Copies of documents, including, but not limited to, manuals, handbooks, internal memoranda, and contracts showing any and all work rules, policies, and procedures applicable to any persons who provided driver services and tour guide services for OnBoard Tours in New York City, Las Vegas, and Washington, D.C., during the periods from October 1, 2011 through August 31, 2012, and from January 1, 2014 to the present.

## INTERROGATORIES

*Pursuant to § 11(1) of the National Labor Relations Act, 29 U.S.C. § 161, you are hereby directed to provide full and complete written responses, <u>under oath</u>, to the interrogatories set forth below:*

1. Provide the names and addresses of all financial institutions, including banks, where any accounts have been maintained by, or on behalf of, OnBoard Tours, Party Shuttle Tours, LLC, New York Party Shuttle, LLC, Washington DC Party Shuttle, LLC, and OnBoard Las Vegas Tours, LLC, during the periods from October 1, 2011 to August 31, 2012, and from January 1, 2014 to the present.

2. For each financial institution provided in response to Interrogatory No. 1, provide the type of accounts at those financial institutions (e.g., business checking or business savings) and their account numbers.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL LABOR RELATIONS BOARD,

                                    Applicant,

        -against-

NEW YORK PARTY SHUTTLE, LLC,

                                    Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/27/2015_

15 Misc. 233 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The National Labor Relations Board (the "NLRB") requests an order: (1) directing New York Party Shuttle, LLC ("NYPS") to comply with an investigative subpoena issued by the NLRB on March 26, 2015; and (2) awarding costs and attorney's fees in connection with this subpoena enforcement action. ECF No. 1. NYPS requests a protective order. ECF No. 10.

Enforcement of an administrative subpoena requires that an agency show "[1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry *may* be relevant to the purpose, [3] that the information sought is not already within [its] possession, and [4] that the administrative steps required . . . have been followed . . . ." *Nat'l Labor Relations Bd. v. Am. Med. Response, Inc.*, 438 F.3d 188, 192 (2d Cir. 2006) (emphasis in original) (internal quotation marks omitted). A subpoena satisfying these criteria "will be enforced unless the party opposing enforcement demonstrates that the subpoena is unreasonable, or issued in bad faith or for other improper purposes, or that compliance would be *unnecessarily* burdensome." *Id.* at 192-93 (emphasis in original) (internal quotation marks omitted).

Upon review of the parties' written submissions, the Court finds that the NLRB has met its burden and that NYPS has not shown that the subpoena is unreasonable, issued in bad faith, or unnecessarily burdensome. The information sought relates to a matter under investigation and is relevant to determining the derivative liability of entities that may be associated with NYPS.

*See Nat'l Labor Relations Bd. v. C.C.C. Assocs.*, 306 F.2d 534, 539 (2d Cir. 1962) (noting the

NLRB's "unquestionable jurisdiction to inquire into the question of derivative liability");

*Brooklyn Manor Corp. v. Nat'l Labor Relations Bd.*, No. 99 MC 117, 1999 WL 1011935, at *2

(E.D.N.Y. Sept. 22, 1999) ("The NLRB may also utilize investigative subpoenas to determine a

party's derivative liability for the obligations of another.").  Moreover, the NLRB has submitted

a letter explaining the relationship of NYPS to the parties from which records are sought and the

basis for its belief that an inquiry into derivative liability is necessary.  ECF No. 13.  Finally, to

the extent that NYPS seeks to challenge the validity of the NLRB order pursuant to which the

March 26 subpoena was issued, res judicata precludes NYPS from re-litigating this claim before

the Court.  *New York Party Shuttle, LLC v. Nat'l Labor Relations Bd.*, No. 13-60364 (5th Cir.

Nov. 19, 2013) (entering default judgment against NYPS).  *See, e.g., Saud v. Bank of New York*,

929 F.2d 916, 919 (2d Cir. 1998) (quoting *Morris v. Jones*, 329 U.S. 545 (1947)) ("A judgment

of a court having jurisdiction of the parties and of the subject matter operates as res judicata, in

the absence of fraud or collusion, even if obtained upon a default.").

    Accordingly, it is ORDERED that:

1. The NLRB's request is GRANTED to the extent that NYPS is directed to comply
   with the subpoena.

2. The NLRB's request for costs and attorney's fees in connection with this subpoena
   enforcement action is DENIED.

3. The parties shall submit a protective order for the Court's consideration.

    SO ORDERED.

Dated: August 27, 2015
      New York, New York

                                    ANALISA TORRES
                         United States District Judge

# EXHIBIT C

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/2015_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NATIONAL LABOR RELATIONS BOARD,      :
                                     :
                    Applicant,       :
                                     :          No. 15 Misc. 233 (JFK)
        -against-                    :
                                     :                **ORDER**
NEW YORK PARTY SHUTTLE, LLC,         :
                                     :
                    Respondent.      :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

This Protective Order governs the manner by which certain
information sought by the National Labor Relations Board
("NLRB") in an investigatory subpoena issued to, and served
upon, New York Party Shuttle, LLC ("NYPS"), shall be disclosed
to, and maintained by, the NLRB, until further Order by this
Court.

1. The information covered by this Protective Order
encompasses information obtained by the NLRB in response to its
requests, set forth in Subpoena Duces Tecum B-733373, for
written responses to interrogatories.

2. It is ordered that NYPS shall, within 14 days from the
date of this Order, comply in full with the Subpoena Duces Tecum
and submit to the NLRB full and complete written responses,
under oath, to the interrogatories set forth in said subpoena.

3. It is further ordered that the persons authorized to review the interrogatory responses submitted by NYPS include the following:

a. The General Counsel of the NLRB and his/her agents and representatives, including, but not limited to, counsel of record and paralegal, secretarial and/or clerical staff, who are assisting or are involved in the representation of the NLRB in this action or in any subsequent proceeding (including, but not limited to, supplemental proceedings to liquidate damages, compensatory or otherwise, and any appeals and enforcements of judgments) against NYPS, its officers, agents, successors, or assigns, and any other business entity named in the Subpoena Duces Tecum.

b. Any court reporting service, along with its personnel, hired by the parties to take and transcribe any testimony connected with this action or subsequent action described in paragraph 3(a).

c. Any state or federal court or administrative tribunal, along with their personnel, including, but not limited to, law clerks, secretarial and clerical assistants, and court reporters who take and transcribe testimony or proceedings connected with this action or any subsequent proceeding, subject to redaction rules applicable to filings in these courts or tribunals.

d. Employees of the NLRB for purposes of reviewing, processing, responding, and litigating, including providing legal and administrative service of such work, pursuant to requests filed under the Freedom of Information Act, 5 U.S.C. § 552(a).

e. The custodian of records of any bank or other financial institution identified by NYPS in response to any of the interrogatories set forth in the Subpoena Duces Tecum. Provided that if the NLRB, following its receipt of the interrogatory responses, serves a subpoena upon any such bank or other financial institution and receives materials in response thereto, the persons authorized to view such materials shall be limited to those listed in paragraph 3.

4. It is further ordered that should an agency subpoena or a judicial subpoena in this or any other adversary proceeding be served upon the NLRB or any of its agents or representatives requesting production of the interrogatory responses submitted by NYPS, the NLRB will promptly notify NYPS of such subpoena so that NYPS, if it so chooses, may file an appropriate pleading to quash the subpoena or seek an appropriate protective order. Nothing in this Order requires the NLRB to object to compliance with such subpoenas.

3

5. It is furthered that the interrogatory responses submitted by NYPS shall be held in confidence and handled, disclosed, or made available only to authorized persons described in paragraph 3.  The interrogatory responses shall be used only in connection with this litigation or in any subsequent proceeding described in paragraph 3(a).

6. This Order shall not preclude the parties or their attorneys from making any applicable claims of privilege at any time, including at any hearing or trial. Nor shall the Order preclude the filing of any motion with the Court for relief from a particular provision of this Order or for additional protections not provided by this Order.

**SO ORDERED.**

Dated:     New York, New York
           November 12, 2015


                              _____
                                     JOHN F. KEENAN
                              United States District Judge
                                    Part I

4

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

----------------------------------------------------------------X

NATIONAL LABOR RELATIONS BOARD,

Applicant-Appellee,

v.                                                             Case No.: 15-3377

NEW YORK PARTY SHUTTLE, LLC,

Respondent-Appellant.

----------------------------------------------------------------X

## APPELLANT NEW YORK PARTY SHUTTLE, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS EMERGENCY MOTION FOR STAY PENDING APPEAL OR, IN THE ALTERNATIVE, FOR A TEMPORARY ADMINSTRATIVE STAY PENDING FULL CONSIDERATION OF THE MOTION FOR A STAY

**KILHENNY & FELIX**
**James M Felix**
**350 West 31 Street, Suite 401**
**New York, NY 10001**
**Telephone: (212) 419-1492**
**Facsimile: (212) 419-1499**

*Counsel for Respondent-Appellant*
*New York Party Shuttle, LLC*

*November 25, 2015*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................... i

INTRODUCTION ................................................................ 1

BACKGROUND ................................................................ 2

ARGUMENT .................................................................... 3

   I.     Success on the Merits is Likely .................................. 4

   II.    Applicant will be Irreparably Injured Absent a Stay .................................. 7

   III.   Issuance of a Stay Will not Substantially Injure the Parties........................ 8

   IV.   Public Interest Weighs in Favor of a Stay .................................. 8

CONCLUSION .................................................................... 9

## INTRODUCTION

Appellant New York Party Shuttle, LLC ("Appellant" or "NYPS") respectfully requests an emergency stay under Federal Rules of Appellate Procedure 8 and 27, and Local Rule 27.1[1] to prevent a District Court's order from mooting Appellant's appeal of the District Court's order granting Appellee National Labor Relations Board's ("NLRB")'s application for enforcement of a Subpoena Duces Tecum ("Subpoena") and directing Appellant to comply with the Subpoena. The District Court ordered compliance with the Subpoena in an order issued on August 27, 2015 (the "August 27 Order")[2] and then the District Court issued a Protective Order entered on November 12, 2015 (the "November 12 Protective Order")[3] compelling compliance with the Subpoena within 14 days from the date of that order, which date has been extended by NLRB to December 4, 2015. *See* Exhibit "C" to

---

[1] Pursuant to Local Rule 27.1(b), on November 23, 2015, counsel for NYPS informed counsel for the Applicant-Appellee National Labor Relations Board of NYPS's intent to file this Motion to Stay. NLRB has not consented to a stay of enforcement of the subject Subpoena but agreed to extend the date for compliance to December 4, 2015. See moving Declaration of James M. Felix dated November 25, 2015 (the "Felix Dec." at ¶ 8.

[2] A true and accurate copy of said August 27 Order is annexed as Exhibit "B" to the Felix Dec, and is also one of the documents that have been docketed in this case, citations to "Dkt. No. __" are to the documents that have been docketed in this case number 15-3377 using the docket number from the District Court, *see* Dkt. No. 14).

[3] A true and accurate copy of said November 12 Protective Order is annexed as Exhibit "C" to the Felix Dec.

the Felix Dec. and at ¶ 8 thereof.    If a Stay is not granted, compliance would have occurred before the issues relevant to enforcement of the Subpoena could be heard the pending appeal before this Court.

## BACKGROUND

On March 26, 2015, the NLRB issued a Subpoena Duces Tecum to Appellant NYPS ("Subpoena") requesting documents and information concerning several non-parties to the administrative proceeding filed against NYPS (the "Administrative Proceeding").[4]  NYPS objected to the NLRB's discovery request, and the NLRB filed suit in the United States District Court for the Southern District of New York (the "District Court") to enforce its Subpoena.    The District Court ordered compliance with the Subpoena in the August 27 Order.  *See* Exhibit "B" to the Felix Dec.  Subsequently, NYPS appealed the August 27 Order to this Court, where it is currently pending and NYPS will file its brief no later than January 12, 2016.  *See* Felix Dec. at ¶ 10.

NYPS also sought reconsideration of the August 27 Order by motion dated September 10, 2015.  On November 12, 2015, the District Court denied NYPS's motion to reconsider by Order dated November 12, 2015.  Subsequently, on the same day (November 12, 2015), the District Court issued the November 12 Protective

---

[4] A true and accurate copy of the Subpoena is attached as Exhibit "A" to the Felix Dec.

Order compelling compliance with the Subpoena within 14 days from the date of that order.  *See* Exhibit "C" to the Felix Dec.  In issuing the November 12 Protective Order, the Court rejected NYPS's proposed protective order which instead provided that compliance with the Subpoena be made 14 days from any final non-appealable decision of any appeals of the underlying Order of the Court (Hon. Analisa Torres, J., presiding) dated August 27, 2015.  *See* Felix Dec. at ¶ 7 and Dkt. 18.

Appellant seeks to stay the August 27 Order compelling compliance with the Subpoena and the November 12 Protective Order which set the date for compliance of said Subpoena by November 27, 2015 (which date has been extended by NLRB to December 4, 2015.  *See* Felix Dec. at ¶ 8.

## ARGUMENT

Ordinarily, a party must move first in the district court for relief seeking a stay of the judgment or order of a district court pending appeal.  Fed.R.App.P. 8(a)(1)(A). NYPS has already sought to have the District Court reconsider the August 27 Order, and the result was that the August 27 Order for compliance with the Subpoena was not altered in any way.  Further, seeking a stay of August 27 Order and the November 12 Protective Order in the District Court would be impracticable as the District Court specifically chose the NLRB's request for compliance over NYPS's request, which had provided for compliance after the subject Appeal was determined.  Finally, the District Court's November 12 Protective Order mandates compliance with the

-3-

Subpoena within 14 days of the order—such compliance would render the appeal of the August 27 Order moot.

Pursuant to Federal Rule of Appellate Procedure 8, a stay pending appeal is warranted where (1) "the stay applicant has made a strong showing that he is likely to succeed on the merits," (2) "the applicant will be irreparably injured absent a stay," (3) issuance of the stay will not "substantially injure the parties interested in the proceeding," and (4) "the public interest" weighs in favor of a stay. *In re World Trade Disaster Site Litig.* 503 F.3d 167, 170 (2d Cir. 2007).

## I.     *Success on the Merits is Likely*

The NLRB brought the underlying action in the District Court (the "District Court Case") seeking judicial enforcement of its Subpoena—the Subpoena was served on NYPS seeking discovery in an administrative proceeding (the "Administrative Proceeding") in which the NLRB alleges—on behalf of one of NYPS's former workers ("Worker")—that NYPS reduced the hours of the Worker and improperly terminated him.  The NLRB argues that NYPS violated Sections 8(a)(3) and (1) of the National Labor Relations Act (the "Labor Relations Act") because the Worker's termination was a result of his engagement in union activities.

First, the Subpoena is overbroad.  The NLRB is litigating a case against NYPS—however, the Subpoena seeks information from numerous other entities on the basis that an NYPS shareholder/officer has ownership interests in the other

entities and a claim that NYPS is in financial difficulty. The Subpoena seeks information concerning the following entities: OnBoard Tours, a tour company with operations in several U.S. cities; Party Shuttle Tours, LLC; Washington, D.C. Party Shuttle, LLC; OnBoard Las Vegas Tours, LLC; (collectively, the "Non-Party Entities") and NYPS. However, the only relevant party is NYPS.

A district court should enforce a subpoena only if the subpoena is for a proper purpose, the information sought is relevant to that purpose, and statutory procedures are observed. *NLRB v. Frazier*, 966 F.2d 812, 815 (3rd Cir.1992), citing *United States v. Powell,* 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-255, 13 L.Ed.2d 112 (1964). "Courts must insist that the [NLRB] 'not act arbitrarily or in excess of [its] statutory authority…'" *Id.* quoting *N.L.R.B v. Interstate Dress Carriers,* 610 F.2d 99, 111 (3d Cir. 1979) (quoting *Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186, 216, 66 S.Ct. 494, 509, 90 L.Ed. 614 (1946)). Presumably, the NLRB seeks the information sought in the Subpoena to continue its investigation in the Administrative proceeding involving NYPS and the Worker. However, financial information about the Non-Party Entities and NYPS has no bearing on the causes of action asserted by the Worker.

The financial information sought goes beyond net-worth discovery—which itself is only permitted when punitive damages are at issue. Federal courts have found that evidence of net worth is relevant and discoverable to evaluate a plaintiff's

punitive damage claim. *Wright v. Weaver,* 2009 WL 5170218, at *4 (E.D. Tex. Dec 18, 2009) (citing *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* 218 F.R.D. 125, 137 (E.D. Tex. 2003)). *See also Ellison v. Patterson-UTI Drilling Co.,* 2009 WL 3247193, at *2 (S.D. Tex., Sept. 23, 2009) (compelling net worth discovery in employment discrimination case). However, a more contested issue is whether financial worth discovery should be considered relevant upon the mere pleading of a punitive claim, after some prima facie showing by plaintiff of defendant's liability, or only after the trier of fact has determined defendant's liability for punitive damages. *State of Wis. Inv. Bd. V. Planation Square Assoc.,* 761 F. Supp. 1569, 1577 (S.D.Florida 1991). This Court, and district courts within this circuit, have deemed that net worth discovery is appropriate only after a determination of punitive liability. *See e.g., Doralee Estates, Inc. v. Cities Service Oil Co.,* 569 F.2d 716, 723 n. 9 (2d Cir.1977); *Brink's Inc. v. City of New York,* 717 F.2d 700, 707 (2d Cir.1983); *Davis v. Ross,* 107 F.R.D. 326, 328 (S.D.N. Y.1985).

Here, there is no punitive damages claim, let alone a determination of punitive liability. The NLRB's Subpoena seeks information more intrusive than the net worth of NYPS and the Non-Party Entities—it seeks the location of assets (names of banks and financial institutions) and access to these assets (account numbers). The NLRB is attempting to conduct post judgment asset discovery when it has not even established a basis for net worth discovery.

The Worker's claim against NYPS alleges causes of action for violations of Section 8(a)(3) and (1) of the Labor Act. These violations may provide the Worker with a remedy, but do not provide punitive or exemplary damages. In fact, "in adjudicating unfair labor practices cases, the NLRB [can] only impose remedial remedies and it [has] no express authority to order punitive sanctions. *National Ass'n of Mfrs. v. NLRB,* 846 F.Supp.2d 34, 47 (Dist. Of Columbia 2012) citing *Consolidated Edison Co. of New York v. NLRB,* 305 U.S. 197, 220, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

The NLRB's Subpoena seeks financial information that is not relevant to any of the Worker's claims. As such, it is likely that NYPS will succeed on the merits of its appeal of the District Court's August 27 Order.

## II. *Applicant will be Irreparably Injured Absent a Stay*

Denying a stay will irreparably injure NYPS. Irreparable harm is an injury that "cannot be redressed by a legal or equitable remedy following a trial." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.,* 290 F.3d 578, 595 (3d Cir.2002). Absent a stay, NYPS is being asked to disclose significant financial information regarding the location and account numbers of other entities — information which could be misused or used by the Worker in subsequent litigation, or used by the Worker to gain a competitive advantage in setting up competing businesses. Essentially, the NLRB's subpoena prematurely

-7-

seeks post judgment discovery or improperly seeks discovery for extraneous disputes or litigation.

### III. Issuance of the Stay will not Substantially Injure the Parties

Issuance of a stay will not substantially injure the parties—particularly, the NLRB nor the Worker will suffer any injury, other than a delay in discovery while this Court determines a pending appeal. Such an injury is not substantial and should have no bearing on the determination of granting a stay. A "stay [that] does nothing more than maintain the status quo existing prior to the district court's order…[causes]…no appreciable harm to anyone…" *U.S. SEC v. Citigroup Global Markets, Inc.,* 673 F.3d 158, 168 (2nd Cir. 2012).

### IV. Public Interest Weighs in Favor of a Stay

While the public interest in promoting the goals of the NLRB persists, grating a stay of the August 27 Order does not frustrate any of these goals. In addition, "considerations of judicial economy counsel, as a general matter, against investment of court resources in proceedings that may prove to have been unnecessary." Since appellate resolution of the underlying district court order may be case dispositive, this concern counsels in favor of granting a stay.

## CONCLUSION

For the foregoing reasons, an emergency stay pending appeal should be granted on or before NYPS's deadline of December 4, 2015 to comply with the Subpoena or, in the alternative, a brief administrative stay pending full consideration of the motion to stay should be granted, along with such other and further relief as the Court deems just and proper.

Dated:    New York, New York
           November 25, 2015

                        Respectfully submitted,

                        **KILHENNY & FELIX**

By: _James M. Felix_
                  James M. Felix, Esq.
                  350 West 31 Street, Suite 401
                  New York, NY 10001
                  Telephone: (212) 419-1492
                  Facsimile: (212) 419-1499

                  *Counsel for Respondent-Appellant*
                  *New York Party Shuttle, LC*